IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEWITT THOMAS SMITH, JR.,

          Plaintiff,                     16cv1270

                                      **ELECTRONICALLY FILED**

          v.

KLEENEX CORPRACTION, KIMBERLY
CLARK CORPRACTION, AND CLARK
GLOBLE,

          Defendants.

_____

MR. DEWITT THOMAS SMITH, JR.,

          Plaintiff,                     16cv1271

                                        **ELECTRONICALLY FILED**

          v.

MONEY GRAM

          Defendant.

_____

DEWITT THOMAS SMITH,

          Plaintiff,                     16cv1272

                                        **ELECTRONICALLY FILED**

          v.

ERIE COUNTY JAIL YEAR 1987
WARDEN, BUFFLO STATE HOSPITAL
DIRECTOR YEAR 1987,

          Defendants.

MR. DEWITT THOMAS SMITH, JR.,

        Plaintiff,                          16cv1273
                                           **ELECTRONICALLY FILED**

        v.

AFREZZA CORPRACTION MANKIND,
AND TOUJO SANOFI CORPRACTION,

        Defendants.

_____

DEWITT THOMAS SMITH, JR.,

        Plaintiff,                          16cv1274
                                           **ELECTRONICALLY FILED**

        v.

GENERAL DOLLAR STO OWNER'S

        Defendant.

_____

DEWITT THOMAS SMITH, JR.,

        Plaintiff,                          16cv1275
                                           **ELECTRONICALLY FILED**

        v.

VIVITROL CORPRACTION,

        Defendant.

DEWITT THOMAS SMITH, JR.,

        Plaintiff,                          16cv1276
                                           **ELECTRONICALLY FILED**

        v.

CHIEF DIRECTOR SOCIAL SECURITY
ADMINISTRACTION,

        Defendant.

_____


DEWITT THOMAS SMITH, JR.,

        Plaintiff,               16cv1277

                            **ELECTRONICALLY FILED**

        v.

PENNSYLVANIA PROBACTION AND
PROLE DEAPARTEMENT,

        Defendant.

_____


DEWITT THOMAS SMITH, JR.,

        Plaintiff,               16cv1278

                            **ELECTRONICALLY FILED**

        v.

PEOPLES GASS CORPRACTION,

        Defendant.


### Memorandum Order Dismissing Plaintiff's Most Recent Nine (9) Frivolous Complaints

    **I.**        **Background – Prior Three Lawsuits**

*Pro se* Plaintiff, Dewitt Thomas Smith, Jr., is a "frequent filer" of complaints. This

Court's research reveals at least three prior civil lawsuits dating back to 2009, two of which were

dismissed for failure to pay the filing fee/request In Forma Pauperis Status (IFP) (docket. nos.

09-cv-1668, and 09-cv-1714). On July 28, 2016, Plaintiff brought a civil rights lawsuit before the undersigned against nine (9) Defendants, including among others, the Allegheny County Common Plese [sic] Court. On August 9, 2016, this Court dismissed this lawsuit for failure to state a claim upon which relief may be granted, on the basis that the lawsuit related to actions taken during his arrest in 1963/1964. Thus, his 2016 claims for violation of his due process rights under the Constitution were not timely filed and therefore were dismissed as frivolous under 28 U.S.C. § 1915, finding that amendment would be futile. Docket. No. 16-cv-1132 at doc. no. 3.

## II. Recently Filed Nine (9) Frivolous Lawsuits

On or about August 12, 2016 and continuing to date, Plaintiff mailed a barrage of 9 separate Pro Se Complaints making myriad claims against a sundry of government officials, including Erie County Jail Year 1987 Warden and Buffalo State Hospital Director Year 1987, for alleged improper psychological and medical treatment dating back to 1987, as well as numerous corporate entities including Kimberly Clark Kleenex Corpraction [sic], Money Gram, Afrezza Corpraction [sic] Mankind and Toujo Sanofi Corpraction [sic], General Dollar Sto [sic] Owners, Vivitrol Corpraction [sic], and People's Gass Corpaction [sic].[1]

Plaintiff's Complaints are extremely difficult to discern and often are illegible, but the Court will analyze, to the best of its ability, his factual allegations/legal claims.

### A. Docket Nos. 16-cv-1272, 16-cv-1276, and 16-cv-1277 – Time-Barred/Frivolous

In his Complaint at docket no. 16-cv-1272, Plaintiff alleges what appears to be constitutional claims and medical indifference claims against the Erie County Jail Warden in

---

[1] Absent from Plaintiff's nine (9) instant lawsuits is a failure to pay the filing fee or any formal request for IFP status on the appropriate form. Because Plaintiff filed the necessary paperwork requesting IFP status in the above-referenced July 28, 2016 lawsuit, which the Court granted by Order at doc. no. 3 (docket no. 16-cv-1332), the Court will grant Plaintiff IFP status in the instant cases.

1987, and the Buff[a]lo Hospital Director Year 1987, following his arrest in 1987. These claims are certainly and most definitely time-barred. Under 28 U.S.C. § 1915, a District Court should dismiss a complaint if the claims therein are time-barred. *Johnstone v. United States*, 980 F. Supp. 148, 154 (E.D. Pa. 1997). In his Complaint at docket no. 16-cv-1277, as to the Pennsylvania Probation and P[a]role Department, Plaintiff makes allegations related to letters written in 1998, 2001 and 2004 and requesting a restraining order to monitor the monetary relief requested (similar to above allegations – "9000 or 87 quadizillion [sic] dollars"), which are again, clearly time-barred, and frivolous. Plaintiff's Complaint at docket no. 16-cv-1276 against the Chief Director Social Security Administration [sic] makes similar allegations of fantastically amounts of relief requested and provides a listing of his prior employment.

**B. Docket Nos. 16-cv-1270, 16-cv-1271, 16-cv-1273, 16-cv-1274, 16-cv-1275, and 16-cv-1278 – Frivolous**

In his Complaints at dockets nos. 16-cv-1270, 16-cv-1271, 16-cv-1273, 16-cv-1274, 16-cv-1275, 16-cv-1276, and 16-cv-1278, Plaintiff then makes several unrelated claims against Kimberly Clark Kleenex Corpraction [sic], Money Gram, Afrezza Corpraction [sic] Mankind and Toujo Sanofi Corpraction [sic], General Dollar Sto Owner's, Vivitrol Corpraction [sic], and People's Gass Corpaction [sic], respectively. He attaches to his numerous complaints items such as an actual Kleenex box (docket no. 16-cv-1270 at doc. no. 1-1), original copies of a blank Moneygram application (16-cv-1271 at doc. no 1-1), a pamphlet for Vivitrol (docket no. 16-cv-1275 at doc. no. 1-1), and his utility bill for Peoples Natural Gas (docket no. 16-cv-1278 at 1-1). Although there appears to be no connection between these lawsuits, Plaintiff's allegations against each contain vague accusations, relating to alleged advertising violations on prescriptions, wording on the Moneygram application that does not include a receiving date or address, his money being "deaspraz[ed]" [sic][dispersed] at Dollar General by employees with

possible "veneral diese" [sic][venereal disease] and mafia membership, which he claims entitles him to ownership of 6000 stores . . . over $90,000.000 quadrazilion [sic] and a Rools [sic] Royce car in 2017, and 921 oil wells.

More specifically, all of the currently pending lawsuits make numerous other frivolous/fanciful allegations that are not grounded in reality.  For example:

As to Kleenex Corporation, Plaintiff attaches the box of Kleenex and alleges it is "viod [sic] of stated procedural identity numbers," which he claims entitle him to, "999.999.985.985 zillion times $996996699699696995 . . . , 900 gas wells, and 86 miles of "firtal" [sic] land." (docket no. 16-cv-1270 at doc. no. 1).

As to Money Gram, Plaintiff alleges that the attached application has no receiving date or address noted, which he claims constitutes a Constitutional violation (docket no. 16-cv-1271 at doc. no. 1).

As to Vivitrol Corporation, Plaintiff alleges vague advertising violations, and seeks over "$70,000.00, 985, 900 and 642 zillion dollars," as well as an "8 room estate with swimming pool 3 kitchen 16 rooms 7 car garage an[d] 21 acres of land in Montreall [sic] Canada" (docket no. 16-1275 at doc. no. 1);

As to Peoples Gas, Plaintiff seeks a writ of what the Court construes as a writ of coram nobis/writ of mandamus, for no known or legible reason (docket no. 16-cv-1278).

### III.    Discussion

Title 28 United States Code Section 1915A obligates the Court to review an IFP prisoner's complaint as soon as practicable after docketing, and to dismiss the action if at any time it appears, *inter alia*, that the action is frivolous, malicious or fails to state a claim. 28

U.S.C. § 1915A(b)(1). Section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956

F.Supp. 564 (M.D. Pa. 1997).

Additionally, 28 U.S.C. § 1915 (e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have
been paid, the court shall dismiss the case at any time if the court
determines that–
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune
from such relief.

The standard under which a district court may dismiss an action as frivolous under 28

U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)) was clarified by the United States

Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when

the action is "based on an indisputably meritless legal theory" and when it posits "factual

contentions [that] are clearly baseless." *Id*. at 327.

Where a complaint alleges facts that are "clearly baseless," "fanciful," or "delusional," it

may be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25 (1992). If the pro se plaintiff

can cure the factual allegations in order to state a claim, the Court should grant him or her leave

to do so. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002). A determination

of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or

the wholly incredible, whether or not there are judicially noticeable facts available to contradict

them. *Denton v. Hernandez*, 504 U.S. 25, 33 (U.S. 1992)(citing *Neitzke* at 328).

## IV.    Conclusion

Having reviewed all of Plaintiff's pending claims as contained in the nine (9) recently

filed Complaints, which the Court has addressed jointly for purposes of this Memorandum

Order, the Court finds that the allegations of all nine (9) Complaints are both individually and collectively frivolous and no amendment will be permitted for any of the listed Complaints, because no amendment could cure the deficiencies that require dismissal in these cases. Simply put, the allegations within these Complaints are fanciful and irrational. Accordingly, the Court hereby GRANTS Plaintiff IFP status and DISMISSES AS FRIVOLOUS (with no further opportunities to amend) docket nos. 16-cv-1270, 16-cv-1271, 16-cv-1272, 16-cv-1273, 16-cv-1274, 16-cv-1275, 16-cv-1276, 16-cv-1277, and 16-cv-1278.

The Clerk of Court shall therefore mark docket nos. 16-cv-1270, 16-cv-1271, 16-cv-1272, 16-cv-1273, 16-cv-1274, 16-cv-1275, 16-cv-1276, 16-cv-1277, and 16-cv-1278 closed.

**SO ORDERED** this 23rd day of August, 2016.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:

DEWITT THOMAS SMITH, JR.
538 1/2 Evans Street
Apartment 1
First Floor
McKeesport, PA 15132-2001
PRO SE – via first Class Mail